UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DENBURY GULF COAST PIPELINES, LLC** | **CIVIL ACTION NO.:** |
| | **SECTION:** |
| V. | **JUDGE:** |
| | **MAGISTRATE JUDGE:** |
| **11.18 ACRES, MORE OR LESS, SITUATED IN ASCENSION PARISH, LOUISIANA, AND WOERNER DONALDSONVILLE FARM, LLC** | |

### DENBURY GULF COAST PIPELINES, LLC'S ORIGINAL COMPLAINT IN CONDEMNATION

NOW INTO COURT, through undersigned counsel, comes DENBURY GULF COAST PIPELINES, LLC ("*DGCP*"), to file this Original Complaint for Condemnation pursuant to Rule 71.1 of the Federal Rules of Civil Procedure and Louisiana Revised Statute § 19:2(10) for an Order of Condemnation based on DGCP's for (1) a perpetual, exclusive servitude for or the purpose of surveying, maintaining, operating, testing, repairing, inspecting and/or removing only one (1) twenty-four (24") inch pipeline (with fittings and valves, including cathodic protection equipment, bulkheads, and location markers and other appurtenances) for the transportation of carbon-dioxide and associated substances which is needed for the continued operation of DGCP's pipeline transporting carbon-dioxide and associated substances.

### THE PARTIES

1.

DGCP is a Delaware limited liability company with its principal place of business in the State of Texas. The sole member of DGCP is Denbury Pipeline Holdings, LLC, a Delaware

1

limited liability company with its principal place of business in the State of Texas. The sole member of DGCP is a Denbury Operating Company, a corporation organized under the laws of Delaware with its principal place of business in Texas. DGCP is authorized to do and doing business in Louisiana and in the Parish of Ascension and in good standing with the State of Louisiana.

2.

Defendant is Woerner Donaldsonville Farm, LLC, a Louisiana limited liability company. with its principal place of business in the State of Louisiana. Upon information and belief, the sole member of Defendant is Woerner Realty, Inc., a corporation organized under the laws of Florida with its principal place of business in Alabama. DGCP is authorized to do and doing business in Louisiana and in the Parish of Ascension and in good standing with the State of Louisiana.

## JURISDICTION AND VENUE

1.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and, as set forth below, the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

2.

Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the property that is the subject of this action is situated in this judicial district and a substantial part of the events giving rise to DGCP's claim occurred in this judicial district. Venue is also proper pursuant to 28 U.S.C. §

1391(b)(1) because Defendant resides in this judicial district as it owns property, operates its business in Donaldsonville, Louisiana and is subject to personal jurisdiction of this court.

## FACTUAL ALLEGATIONS

3.

For the exclusive purposes of this expropriation proceeding, DGCP alleges that Defendant owns the following described property in Ascension Parish, Louisiana (the "***Property***"):

> Those certain tracts or parcels of land situated in Sections 122, 121, 97, 110, 109, 108, 107, 106 and 105, Township 11 South, Range 14 East, Ascension Parish, Louisiana, and being more particularly described in Exhibit "B" attached to that certain Cash Sale and Servitude of Passage, dated April 26, 2006, and recorded under Entry Number 634967 of the Conveyance Records for Ascension Parish, Louisiana.

4.

This is a proceeding for expropriation. Accordingly, jurisdiction and venue are established in this Court pursuant to La. Code Civ. Proc. art. 80, La. Rev. Stat. 19:2.1, and other provisions of law because the Property subject to this expropriation proceeding is located in this Parish.

5.

DGCP is a company created for and engaged in the business of piping of carbon dioxide for use in connection with secondary or tertiary recovery projects for the enhanced recovery of

liquid or gaseous hydrocarbons approved by the Railroad Commission of Texas, and as such, is granted the right to expropriate for its carbon dioxide transportation activities pursuant to the provisions of LA. REV. STAT. § 19:2(10).

6.

DGCP's Affiliate, Denbury Onshore, LLC ("*Onshore*"), has been issued an Order by the Railroad Commission of Texas that is currently in effect approving or authorizing the injection of carbon dioxide in association with the enhanced recovery project for liquid or gaseous hydrocarbons for Onshore's West Hastings field unitization area, Brazoria and Galveston Counties, State of Texas ("*West Hastings Field*"). A copy of the order is attached as Exhibit C.

7.

DGCP, as successor-in-interest to Onshore, was granted a Certificate of Public Convenience and Necessity, as amended, (the "*Certificate*") by the Louisiana Commissioner of Conservation that is currently in effect for a pipeline for transportation of carbon dioxide for use in connection with secondary or tertiary recovery projects for the enhanced recovery of liquid or gaseous hydrocarbons at West Hastings Field known as the "Green Line" pursuant to LSA-R.S. 30:4(c)(17) and LAC 43:XI.703(D),(E), (G) and (H) and which found, inter alia, that the construction and operation of the Green Line and related carbon dioxide facilities are required by the present and future public interest of the State of Louisiana. A copy of the Certificate and amendments are attached *in globo* as Exhibit D.

8.

DGCP, as successor-in-interest to Onshore, was issued an Order, as amended, by the Office of Conservation, Department of Natural Resources, State of Louisiana pursuant to LAC 43:XI.703(A) which is currently in effect, finding, inter alia, that the DGCP's Green Line improves the available transportation facilities for movement of carbon dioxide, provides for an increase in available supplies from the nation's oil and gas reserves, provides for the equitable distribution of energy supplies to the residents and the commercial and industrial users of these energy supplies, and helps insure the maintenance of the highest practical level of energy supplies commensurate with the general health, safety, welfare and prosperity of the State of Louisiana. In addition, the Order transferred the Certificate from Onshore to DGCP. A copy of the Order and amendments is attached as Exhibit D.

9.

Pursuant to its stated purposes and the regulatory approvals set forth above, DGCP previously acquired rights for and constructed, and currently owns, operates and maintains the Green Line, which is a twenty-four (24") inch diameter, carbon dioxide pipeline for the transportation of carbon dioxide along a route that crosses a portion of the Property at the location shown on the plat attached as Exhibit A as well as described on Exhibit B. The Green Line runs from a point originating in Donaldsonville, LA and continuing approximately 200 miles west across St. James, Ascension, Iberville, West Baton Rouge, Pointe Coupee, St. Landry, Acadia, Allen, Jefferson Davis, and Calcasieu Parishes, where it terminates at the Louisiana/Texas state line in Calcasieu Parish, Louisiana. An affiliate of DGCP, Denbury Green Pipeline-Texas, LLC,

owns and operates a 24-inch carbon dioxide pipeline (the "***Green Line-TX***") that originates at the terminus of the Green Line at the Louisiana/Texas state line in the Sabine River in Orange County, Texas and continues approximately 122 miles west across southeast Texas, where it terminates at the West Hastings Field in Brazoria County, Texas. The Green Line and the Green Line – TX are used for the purpose of providing carbon dioxide for use in tertiary recovery of oil, gas and other related substances at the West Hastings Field.

10.

DGCP has been maintaining and operating the Green Line for the transportation of carbon dioxide for use in connection with secondary or tertiary recovery projects for the enhanced recovery of liquid or gaseous hydrocarbons in West Hastings Field approved by the Railroad Commission of Texas.

11.

DGCP constructed, operates, and owns a segment of the Green Line on the Property of Defendant pursuant to the Pipeline Servitude dated February 14, 2008, recorded as COB No. 00723745 in the Parish Records of Ascension, Parish, Louisiana (the "***Servitude***"). Defendant takes the position that the Servitude has expired and DGCP no longer has any right to use the segment of the Green Line on its Property.  DGCP's position is that it has continuously used and has been continuously maintaining, operating, testing, repairing and inspecting the segment of the Green Line on the Property, the Servitude has not terminated, and DGCP continues to own and have the right to use that segment. As a matter of precaution, however, and to assure it has the

right to continue use, operation, and maintenance of the Green Line segment on the Property regardless of whether the Servitude may have terminated, DGCP has brought this expropriation action to acquire any needed rights to use the segment of the Green Line on the Property that may not have, but reserving to Defendant any claims and damages, if any, related to the alleged expiration of the Servitude. DGCP makes no admission that the Servitude has expired, been abandoned or terminated or, if expired or terminated, any damages were thereby incurred by Defendant.

12.

In order to continue to carry out its purpose as a company authorized to engage in the business of piping of carbon dioxide for use in connection with secondary or tertiary recovery projects for the enhanced recovery of liquid or gaseous hydrocarbons, it is necessary and required that DGCP has the right, without interruption, to continue operating and maintaining the segment of the Green Line and related appurtenances located on, over, across and through the Property shown on the plat attached as Exhibit A as well as the description attached as Exhibit B, both made a part of this Petition.

13.

The Green Line segment on the Property follows a route previously approved by the Office of Conservation, Department of Natural Resources that DGCP chose in good faith after careful consideration of the expert engineering advice, the availability of alternate routes, cost, environmental factors, long-range area planning, and safety considerations. The Green Line

segment on the Property has been constructed, installed, operated and maintained in accordance with applicable law and pertinent permits and regulations. The route so selected and previously approved crosses Defendant's Property at the location shown on <u>Exhibit A</u> and described on <u>Exhibit B</u>.

14.

The transportation of carbon dioxide in the Green Line allows DGCP to serve the present or future public interest for the following reasons:

A. The enhanced recovery operations supported by the Green Line should allow for greater recovery of hydrocarbon reserves from a mature field such as the West Hastings Field than would otherwise be recoverable by conventional methods, thereby preventing waste of hydrocarbon resources generally and incrementally lessening the United States' dependence on foreign oil.

B. The operation of the Louisiana segment of the pipeline will provide more jobs for Louisiana residents and more sales for Louisiana companies.

C. The operation of the Louisiana segment of the pipeline will help make more $CO_2$ available for enhanced oil recovery in mature oil fields in Louisiana, thereby allowing for greater recovery of hydrocarbon reserves in Louisiana.

D. Operation of the pipeline will allow for the sequestration of carbon dioxide from anthropogenic (man-made) sources, reducing the amount of discharge of this greenhouse gas into the atmosphere.

15.

The Property from which the servitude is sought to be expropriated in this suit is rural, and there are no graveyards or cemeteries structures, houses, or improvements of any kind whatsoever on the servitude area other than the existing segment of the Green Line and related appurtenances previously installed and constructed by DGCP.

16.

DGCP has negotiated in good faith with Defendant for the acquisition of a servitude thirty feet (30') in width for the operation and maintenance of the segment of the Green Line and related appurtenances on the Property for the transportation of carbon dioxide over, under and through the Property, as described below and the rights, if any, of Defendant in the segment of the Green Line and its appurtenances on the Property. DGCP made an amicable cash offer to the Defendant in excess of the value of the proposed rights-of-way, servitudes, other rights, and damages to the Property and improvements resulting from or incidental to the acquisition or use of the Green Line, solely in order to acquire these rights at the earliest date possible; but, notwithstanding these facts, said offer was refused and not accepted by the Defendant. Despite DGCP's good faith negotiations with Defendant, DGCP has been unable to reach an agreement with Defendant as to the acquisition of the servitudes and related rights, the compensation to be paid or other terms and conditions. Accordingly, DGCP is entitled to exercise the right of expropriation.

17.

By reason of these facts, DGCP seeks to expropriate (1) a perpetual right-of-way and servitude to be thirty feet (30') in width and covering 11.18 acres for the operation, use, maintenance, repair, replacement, removal as provided by law in whole or in part, of one (1) pipeline consisting of the existing segment of the Green Line and any appurtenances thereto ("***Pipeline Facilities***"); and (2) the rights, if any, of Defendant in the existing segment of the Green Line traversing the Property and its existing appurtenances on the Property, reserving to Defendant any claims for pre-expropriation damages arising from such potential rights. The location and centerline of said servitude, including the location of the existing segment of the Green Line and appurtenances, is depicted on Exhibit A and described in Exhibit B.

18.

In order to operate and maintain the Green Line, it is necessary that Defendant's use of the Property within the servitudes be subject to the limitations contained in the Louisiana Civil Code, and the following specific limitations:

A. Defendant shall not interfere with the enjoyment of the servitudes adjudicated to DGCP.

B. Defendant's use of the Property shall be consistent with the use and safety of DGCP's Green Line as well its appurtenances and the safety of persons or properties on the surface of the servitudes.

C. Defendant shall not excavate on the areas burdened by the servitudes, nor impound water on or over the areas burdened by the servitudes, nor construct or permit to be constructed or placed on or over the areas burdened by the servitudes any house, structure, obstruction, or improvement, either on the ground or overhanging the areas burdened by the servitudes, that may interfere with the use of the servitudes or the aerial surveillance of the perpetual servitudes, and/or to the pipeline, or with the safety of DGCP's facilities.

D. Defendant shall not plant any trees or shrubs nor build, create, or place, nor allow to be built, created, constructed, or placed, engineering works, or other constructions, including, but not limited to, impounded water, dams, levees, lakes, ponds pools, or other structures on the property burdened by the servitudes nor allow to be placed, any debris on the property burdened by the servitudes, nor change the grade of the surface of the ground within the servitudes.

E. Defendant shall not construct streets, pavement, parking lots, sidewalks, driveways, fences, pipelines, or utility lines within the areas burdened by the servitudes unless (1) such facilities do not create a potentially unsafe condition; (2) such facilities do not interfere with DGCP's use of the servitudes; (3) DGCP is notified prior to construction of such facilities; (4) any pipelines or utility lines are constructed below and no closer than two feet (2') to DGCP's pipeline; (5) such facilities are constructed in accordance with any safety precautions specified by DGCP; and (6) such facilities do not cross the servitudes at an angle less than thirty degrees (30°).

19.

DGCP's use and occupancy of the servitudes shall be subject to the provisions of the Louisiana Civil Code, as shall Defendant's use and occupancy of the Property be subject to the servitudes.

20.

DGCP will show that it has offered prior to the filing of this suit to the Defendant more than the true value of the servitudes sought herein, which sum has not been accepted by Defendant, and that pursuant to LA. REV. STAT. 19:12, DGCP is therefore entitled to all costs of these proceedings.

### **RULE 71.1(d) NOTICES**

21.

Pursuant to Federal Rule of Civil Procedure 71.1(d), the requisite notice to Defendant is attached hereto and submitted to the clerk of court.

WHEREFORE, complainant, DGCP, prays:

(1) that the notice submitted herewith pursuant to Federal Rule of Civil Procedure 71.1(d), be deemed good and sufficient;

(2) that said notice be served on the Owners in a manner afforded by Federal Rule of Civil Procedure 71.1(d)(3);

(3) that its right, with respect to the Property, to condemn the Servitude be recognized;

(4) that the Court thereafter determine, with respect to the Property, the just compensation to be paid by DGCP to the Defendant for the Servitude;

(5) that the Court enter judgment, providing that, with respect to the Property, upon the deposit into the registry of the Court by DGCP of the amount of just compensation determined by the Court, ownership and title of the Servitude shall vest in DGCP, free and clear of all liens and encumbrances and other charges of whatsoever nature and free and clear of all right, title, and interest of the Defendant; and

(6) that it be entitled to all other equitable and legal relief allowed by law.

Respectfully submitted,

*/s/ Robert B. McNeal*
Robert B. McNeal (Bar #14211)
Matthew D. Simone (Bar #32690)
Cheryl M. Kornick (Bar #19652)
Zachary D. Berryman (Bar #40278)
**LISKOW & LEWIS**
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
Emails:	rbmcneal@liskow.com
	mdsimone@liskow.com
	cmkornick@liskow.com
	zberryman@liskow.com

***Attorneys for Denbury Gulf Coast Pipelines, LLC***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 21, 2024 a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

*/s/ Robert B. McNeal*
